*Wickham & Merchant*, for Halliday Hay Company.
*Porter & Porter*, for Cline and Grubb.

---

2 Dec.
289

# GARNISHMENT.

[Hamilton County Circuit Court, January, 1895.]

Smith, Swing and Cox, JJ.

## W. C. PEALE ET AL. V. THE BOARD OF EDUCATION OF CINCINNATI.

LIABILITY OF A CONTRACTING PARTY WHO PAYS MONEY UNDER GARNISHEE PROCESS.

A board of education entered into a contract with L. to have him do certain work on a school building. L. commenced said work, but abandoned it before it was completed, and P. & Bro., L.'s bondsmen, and to whom L. was indebted for material used in said work, procured from L. a written assignment of L.'s interest and rights under said contract. P. & Bro. filed said assignment with the clerk of said board, and completed said work which was accepted by the board's proper officer. But said assignment was never laid before said board at any of its meetings. P. & Bro. also presented to the clerk of said board a written order signed by L., and authorizing P. & Bro. to receipt for the amounts due under said contract.

Subsequently creditors of L. sued him and garnisheed said school board, in which suits P. & Bro. were not parties, and of which they had no knowledge. Said board paid the amount required of it in said garnishment proceedings as by the order of the court therein made, instead of filing its answer setting up the fact of said assignment, and deducted the payments so made from the amount that was due under said contract for said work.

In an action brought by P. & Bro. against said board for the amount paid by it in said garnishment proceedings—

*Held:* The school board could not deprive P. & Bro. of the benefit of such assignment, and was, therefore, liable to them for the amount so paid in such proceedings.

ERROR to superior court of Cincinnati.

SMITH, J.

Peale & Bro. sued the board of education to recover an amount claimed to be due it, and defendant denied the liability. At the trial of the case the superior court at special term made a special finding of facts and of law, and rendered a judgment for the defendants, and this proceeding is prosecuted to reverse such judgment.

Peale et al. v. Board of Education.

The finding is a very lengthy one, but I will endeavor to state the substance of it so far as it is material to do so. In 1888 a contract in writing was made between Leubbert and others, and the board of education, for the painting and glazing of one of the school buildings, at the price of $1,589, and the price was to be paid on estimates made by the superintendent of buildings as the work progressed. Peale & Bro. gave a bond for the due performance of the contract by the contractors. Soon after this one of the contractors abandoned the contract, and Leubbert, with the consent of the defendant, continued the work under the same and received the first installment thereon and receipted for the same. Soon after this Leubbert abandoned the performance of the contract, being then largely indebted to Peale & Bro. for materials furnished him to do the work, and the defendant notified the sureties that unless the work was proceeded with, they would be held liable; and thereupon Peale & Bro. procured from Leubbert a paper addressed to the defendant, whereby, in consideration of $800 in merchandise furnished and completion of the unfinished work on the schoolhouse, "I hereby (assign) my rights and interests in said contract for painting, glazing and varnishing said schoolhouse (before described) to W. C. Peale & Bro.;" and on the same day, February 10, 1890, Peale & Bro. filed this paper with the clerk of the board of education at the office of the board, and thereafter proceeded to finish the work, which was duly accepted by the proper officer, the superintendent of buildings, who, also, on February 10, 1890, was notified by plaintiffs of said assignment, which was shown to him, and he was notified by Peale & Bro. to make no further payment in said contract to Leubbert. That in fact the paper was never laid before the board at any meeting by plaintiffs, the clerk or said superintendent, and no formal act of transfer of the contract was ever made by any vote of the board or building committee. But the clerk was the accounting officer of the board, and always kept the account in the name of Leubbert, and drew the warrants subsequently paid to Peale & Bro. in the name of Leubbert.

On February 19, 1890, Peale & Bro. filed with the clerk of the board an order, addressed to the board and signed by Leubbert, authorizing Peale & Bro. to receipt for the amounts due under the contract, and Peale & Bro. indorsed on it a memorandum to the clerk asking him to hold order for them and that they would see that the receipt was signed by Leubbert, and the clerk indorsed thereon, "Look out for garnishee." After another installment became due on the contract, viz., in March, 1890, a creditor of Leubbert sued him before a justice of the peace in a suit against Leubbert, to which Peale & Bro. were not parties, and of which they had no knowledge until after the payment of $60.25 by the board, which was garnisheed in the cause, and a like payment was made by it in another garnishment proceeding against Leubbert, to which Peale & Bro. were not parties and of which they had no knowledge until after such payment. The amount of this was $145.63. In the vouchers which were subsequently made out in the name of Leubbert and which were signed "H. H. Leubbert, per W. C. Peale & Bro.," those payments so made in the two suits were deducted, but in the final estimate and account Peale & Bro. refused to acknowledge the validity of said payments, and sued for the amount of such two payments, which they claim to be still due and unpaid to them.

On this state of fact, if the board of education was warranted in making such payments on the garnishee process, the judgment was right. If not, the plaintiffs were entitled to recover.

We are of the opinion that it did not have such right. The contract and all rights under it were assigned to Peale & Bro., and the board of education was duly and legally notified thereof, and in fact accepted them, though not formally, as the contractors, by dealing with them as such. The fact that the receipts were signed in the way they were signed, was a matter of no consequence. When the rights of Leubbert therein were assigned to Peale & Bro. and due notice thereof given, the board could pay to Leubbert or a creditor of his, even if garnisheed, at

its peril. Its duty was, when so garnisheed, to file an answer setting up the facts in the case, and if this had been done, no order could properly have been made for any payment by it. But it did not even notify Peale & Bro. To deprive the latter of the benefit of their assignment under these circumstances would be manifestly unjust, and as we think, is not warranted by the law.

The judgment will therefore be reversed with costs; and rendering the judgment the trial court should have rendered, there will be a judgment for the plaintiffs for the amount shown in the pleadings and findings to be due to them.

*R. S. Fulton*, for Peale & Bro.

*Corporation Counsel*, for Board of Education.